Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 4587 | **DATE** | July 10, 2013 |
| **CASE TITLE** | Paco Rabonne Brown (M-08076) v. Solis, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The Court authorizes and orders Pinckneyville Correctional Center officials to deduct $9.00 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the trust fund officer at Pinckneyville Correctional Center. The Clerk is also directed to: (1) dismiss Defendants Cummings, Director of IDOC, Lenpke, Robinson, Light, Ingleson, Ms. C. Johnson, John Doe, John/Jane Doe, John or Jane Doe, John/Jane Doe, and Furlough; (2) issue summonses for service of the complaint on Defendants Solis and Clayton, (3) attach a Magistrate Judge Consent Form to the summonses for Defendants Solis and Clayton, and (4) send Plaintiff said Form and Instructions for Submitting Documents along with a copy of this order. The U.S. Marshals Service is appointed to serve Defendants Solis and Clayton. Plaintiff's motion for attorney representation [4] is denied without prejudice.

■[For further details see text below.]                                                      Docketing to mail notices.

# STATEMENT

     Plaintiff, Paco Rabonne Brown, a prisoner at Pinckneyville Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

     Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $9.00. The trust fund officer at Pinckneyville Correctional Center is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the correctional facility to different correctional facility.

     Pursuant to 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees.

     Plaintiff alleges that while at the Stateville Northern Reception Center (N.R.C.), he signed into protective custody on January 7, 2013. Prior to signing in, Plaintiff had written several letters to "warden, superintendent, [and] Counselor C. Johnson as well as Internal affairs notifying them of the fact that I feared for my safety, life." Although he was in protective custody, Plaintiff went many places with general population inmates, including the commissary, the law library, and for health care. Plaintiff notified Counselor Johnson, Warden Robinson, Dr. Cummings and Superintendent that he was in danger of attack due to his previous gang affiliation and homosexuality.

     On February 19, 2013, Correctional Officer Solis allowed Plaintiff to attend the law library without an escort even though he was in protective custody and general population inmates were also in the law library. Prior to returning to his tier, Correctional Officer Solis had let several other inmates out of their cells. Correctional Officer Clayton allowed Plaintiff to leave the library without an escort. When Plaintiff reached his tier, he was attacked by

several inmates. Correctional Officer Solis failed to immediately intervene in the attack. Although Correctional Officer Clayton did not see the attack, she falsified a report indicating that Plaintiff was involved in a fight in an attempt to cover-up her previous deliberate indifference to Plaintiff's safety. Plaintiff spent twenty-five days in segregation due to the false report.

Plaintiff filed several grievances while at the Stateville N.R.C. without any results. Plaintiff also asked Correctional Officers Solis, Clayton and Furlough for a copy of the video surveillance of the incident. Plaintiff did not receive the video footage so he was unable to properly defend himself in his disciplinary hearing. Plaintiff's grievances and letters regarding the disciplinary report and resulting hearing were not properly addressed.

Plaintiff identifies two/three claims in his complaint, a failure to protect claim (also identified as a cruel and unusual punishment claim) against Correctional Officers Solis and Clayton and violation of his First Amendment right to petition the government for redress of his grievances. Plaintiff may proceed on his failure to protect claim against Correctional Officers Solis and Clayton. Prison/jail officials have a duty to protect prisoners from violence by other inmates. *See Farmer v. Brennan*, 511 U.S. 825, 833 (1988); *Grieveson v. Anderson*, 538 F.3d 763, 775 (7th Cir. 2008); *Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). However, a generalized risk of violence is insufficient to state a failure to protect claim as prisons are inherently dangerous places. *See Brown v. Budz*, 398 F.3d 904, 909, 913 (7th Cir. 2005); *Riccado v. Rausch*, 375 F.3d 521, 525 (7th Cir. 2008). Here, Plaintiff alleges that Officers Solis and Clayton knew of a risk to Plaintiff's safety on February 19, 2013, and that they failed to ensure his safety.

However, Plaintiff's claims regarding his grievances do not state a claim. An inmate does not have a substantive due process right to a grievance procedure. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). The only right attached to a grievance process is a procedural one, *i.e.*, an inmate must be allowed to exhaust his administrative remedies in order to pursue his right to access to the courts. *See Antonelli*, 81 F.3d at 1430; *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000). Here, Plaintiff only alleges his dissatisfaction with the results of his grievance, he has not plead an access to courts claim. Thus, Plaintiff has failed to state a due process claim against those Defendants involved in the grievance process. Accordingly, all Defendants except for Officers Solis and Clayton are dismissed from this action.

The United States Marshals Service is appointed to serve Defendants Solis and Clayton. Any service forms necessary for Plaintiff to complete will be sent by the U.S. Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. With respect to any former Stateville N.R.C. employee who can no longer be found at the work address provided by Plaintiff, the Stateville N.R.C. shall furnish the U.S. Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the U.S. Marshal. Address information shall not be maintained in the court file, nor disclosed by the U.S. Marshal. The U.S. Marshal is authorized to send a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must include the original and a judge's copy of all filings. In addition, Plaintiff must send an exact copy of any filing to Defendants or, if represented by counsel, to counsel for Defendants. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Plaintiff must also insure all pleadings, written motions, and other papers submitted to the Court are signed pursuant to Fed. R. Civ. P. 11(a). Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

Plaintiff also seeks attorney representation. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013).

When a *pro se* litigant submits a request for assistance of counsel, the court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, No. 12-1182, --- F.3d ---, 2013 WL 2321349, at *3 (7th Cir. May 29, 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc)). If so, the court must examine "whether the difficulty of the case--factually and legally--exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 2013 WL 2321349 at *3 (quoting *Pruitt*, 503 F.3d at 655). "The question ... is whether the plaintiff appears competent to litigate his own claims, given their degree

| STATEMENT |
|---|
| of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.<br><br>    After considering the above factors, the Court concludes that the solicitation of counsel is not warranted in this case. First, Plaintiff has failed to show either that he has made reasonable efforts to retain private counsel or that he has been effectively precluded from making such efforts. In addition, the complaint sets forth cognizable claims and Plaintiff has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Plaintiff, whose submissions are coherent and articulate, appears capable of litigating this matter. It should additionally be noted that the court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, Plaintiff's motion for attorney representation is denied at this time. Should the case proceed to a point that assistance of counsel is appropriate, the court may revisit this request. |